IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **KENITHA L. FERGUSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 1:18-00180 |
| ) | |
| **ALDERSON FEDERAL PRISON** ) | |
| **CAMP,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Defendants' Motion to Dismiss (Document No. 17), filed on April 23, 2018; (2) Plaintiff's "Motion to Add Statement of Facts and New Evidence and New Defendants to Case" (Document No. 21), filed on May 3, 2018; and (3) Plaintiff's "Motion for Declaration in Support of Entry for Default" (Document No. 28), filed on May 31, 2018. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by Defendants in moving to dismiss. (Document No. 19.) On May 3, 2018, Plaintiff responded to Defendant's Motion by filing her "Motion to Add Statement of Facts and New Evidence and New Defendants to Case." (Document No. 21) Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff's "Motion to Add Statement of Facts and New Evidence and New Defendants to Case" (Document No. 21) should be construed as her Response in Opposition and terminated as a pending motion, Defendants' Motion to Dismiss should be granted, and Plaintiff's Motion for Default should be denied.

**PROCEDURAL BACKGROUND**

On January 29, 2018, Plaintiff, an inmate at FPC Alderson and acting *pro se,* filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) In her Section 2241 Petition, Plaintiff claims that she is entitled to monetary damages for loss of property caused by Bureau of Prisons ["BOP"]. (Id.) Specifically, Plaintiff alleges that her medical records and identifying information were lost by BOP staff due to negligence. (Id.) Plaintiff notes that her Administrative Tort Claim No. TRT-MXR-2017-07167 was denied by the BOP on October 26, 2017. (Id.) As relief, Plaintiff requests monetary damages. (Id.)

In support, Plaintiff attaches the following as Exhibits: (1) A copy of the BOP's acknowledgment letter dated October 23, 2017, concerning the receipt of Administrative Claim No. TRT-MXR-2017-07167 (Id., p. 10.); (2) A copy of the BOP's letter dated October 26, 2017, stating that Administrative Claim No. TRT-MXR-2017-07167 had been denied because "Title 31 U.S.C. § 3723 is not the proper avenue for bringing a HIPPA or FOIA/PA claim" (Id., p. 11.); (3) A copy of Plaintiff's "Acknowledgment of Inmate, Part 3 & 4" (Id., p. 12.); (4) A copy of Plaintiff's "Inmate Request to Staff" dated August 16, 2017 (Id., p. 13.); (5) A copy of Plaintiff's "Inmate Request to Staff" dated August 23, 2017 (Id., p. 14.); (6) A copy of the "Receipt - Administrative Remedy" dated September 20, 2017, from the Administrative Remedy Coordinator at FPC Alderson (Id., p. 15.); (7) A copy of Plaintiff's "Request for Administrative Remedy" dated September 14, 2017 (Id., p. 16.); (8) A copy of Warden David R. Wilson's Response dated September 28, 2017, denying Plaintiff's "Request for Administrative Remedy"

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

(Id., p. 17.); (9) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated December 6, 2017 (Id., p. 18.); and (10) A copy of the Regional Director's Response dated December 18, 2017 (Id., p. 19.).

By Order entered on January 30, 2017, the undersigned construed Plaintiff's Section 2241 Petition as a civil action filed pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 2671-2680. (Document No. 3.) The undersigned further directed Plaintiff to complete and file a form Complaint specifying her claims. (Id.) On February 8, 2018, Plaintiff filed her Application to Proceed Without Prepayment of Fees and form Complaint. (Document Nos. 4 and 5.) In her Complaint, Plaintiff alleges that upon arriving at FPC Alderson on or about August 2017, prison staff required her to "turn over all of her medical records to the staff of the Health Facility." (Document No. 5, p. 4.) Plaintiff contends that prison staff have "lost all of [her] medical records and other identifying information due to negligence." (Id.) Plaintiff further states that she is entitled to relief "pursuant to the Privacy Act of 1974 and FOIA/HIPPA for the loss of her identifying information, such as her social security number and other pertinent information." (Id.) As relief, Plaintiff requests monetary damages. (Id.)

By Order entered on February 9, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon receipt of Plaintiff's initial partial payment of the filing fee. (Document No. 6.) Plaintiff paid her initial partial payment of the filing fee on March 9, 2018, and the Clerk issued process on the same day. (Document Nos. 9 and 10.) On April 23, 2018, the Defendants' filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 17 and 18.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) "The court lacks subject matter jurisdiction over

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the FTCA claim" (Document No. 18, pp. 5 – 6.); and (2) Plaintiff fails to state proper claims under HIPPA, FOIA, or the Privacy Act (Id., pp. 7 – 9.) As Exhibits, Defendants attach the following: (1) A copy of the Declaration of Tiffanie Little (Document No. 17-1, pp. 4 - 5.); (2) A copy of Plaintiff's "Small Claims for Property Damage or Loss" dated October 2, 2017 (Id., p. 7.); and (3) A copy of a letter dated October 26, 2017, from the United States Department of Justice ["DOJ"] denying Plaintiff's tort claim (TRT-MXR-2017-07167) (Id., p. 9.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 24, 2018, advising her of the right to file a response to Defendants' Motion. (Document No. 19.) On May 3, 2018, Plaintiff responded to Defendants' Motion by filing a "Motion to Add Statement of Facts and New Evidence and New Defendants to Case," "Additional Statements of Facts," and "Claims for Relief." (Document Nos. 21 - 23.) The undersigned finds that Plaintiff's "Motion to Add Statement of Facts and New Evidence and New Defendants to Case" (Document No. 21) should be construed as her Response in Opposition and terminated as a pending Motion.

As Exhibits, Plaintiff attaches the following: (1) A copy of her "Inmate Personal Property Record" (Document No. 22, p. 6.); (2) A copy of Plaintiff's "Request for Administrative Remedy" dated September 14, 2017 (Id., p. 7.); (3) A copy of Warden Wilson's Response dated September 25, 2017 (Id., p. 8.); (4) A copy of Plaintiff's "Authorization for Release of Medical Information" (Id., p. 9.); (5) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated December 6, 2017 (Id., pp. 10 - 11.); (6) A copy of Regional Director Dunbar's Response dated January 5, 2018 (Id., p. 12.); (7) A copy of the DOJ's acknowledgment letter dated October 23, 2017, regarding Administrative Claim Number TRT-MXR-2017-07167 (Id., p. 13.); (8) A copy of the DOJ's denial letter dated October 26, 2017, regarding Administrative Claim Number

TRT-MXR-2017-07167 (Id., p. 14.); (9) A copy of Plaintiff's "Central Office Administrative Remedy Appeal" dated March 23, 2018 (Id., p. 15.); (10) A copy of the "Receipt – Administrative Remedy" dated April 23, 2018, from the Central Office's Administrative Remedy Coordinator (Id., p. 16.); and (11) The Declaration of Inmates Alda Perry, Michelle Green, Jessica Hensley, and Annie Delrio (Document No. 24.).

On May 31, 2018, Plaintiff filed her "Motion for Declaration in Support of Entry for Default." (Document No. 28.) Plaintiff states that "Defendants have not filed or served a response or taken actions as may be permitted by law although it has been more than 14 days since the date of service." (Id.) Plaintiff explains that Defendants had seven days to reply to Plaintiff's Response. (Id.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint

with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

**DISCUSSION**

**1.    Plaintiff's Motion for Default:**

In her "Motion for Declaration in Support of Entry for Default," Plaintiff argues that "Defendants have not filed nor served a response or taken actions as may be permitted by law although it has been more than 14 days since the date of service." (Document No. 28.) Plaintiff explains that Defendants had seven days to reply to Plaintiff's Response. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend . . ..." Defendants entered a pleading in this case by filing their "Motion to Dismiss" on April 23, 2018. (Document No. 17.) By Order and Notice entered on April 24, 2018, the undersigned directed that Plaintiff could file her Response to Defendants' request for dismissal as set forth in the "Motion to Dismiss" by May 25, 2018, and Defendants could file a Reply within 7 business days of service of Plaintiff's Response. (Document No. 19.) Although the Court provided a deadline for Defendants to file a Reply to Plaintiff's Response, the Court did not mandate the filing of a Reply by Defendants. (Id.) Accordingly, there is no basis for the entry of default judgment under Rule 55(a), and Plaintiff's Motion for Default (Document No. 28) should be denied.

**2.     Defendants' Motion to Dismiss:**

    **A.     Federal Tort Claims Act:**

Plaintiff appears to assert a negligence claim under the Federal Tort Claims Act against Defendants based upon alleged loss of her "outside" medical records. Negligence claims are appropriately raised against the United States under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 2671-2680. An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the

place where the act occurred." Id. Section 2680, however, exempts from the waiver certain categories of claims. See 28 U.S.C. §§ 2680(a)-(n). Section 2680(c) provides that the waiver of immunity in Section 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." In Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228, 128 S.Ct. 831, 841, 169 L.Ed.2d 680 (2008), the United States Supreme Court held that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." Ali v. Federal Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Thus, FTCA actions involving the detention or mishandling of personal property by prison officials are subject to dismissal. See Perkins v. Deboo, 2009 WL 1650443 (N.D.W.Va. June 11, 2009)(plaintiff's FTCA claim seeking reimbursement for loss of personal property dismissed based upon Section 2680(c)); Mathis v. U.S., 2008 WL 2922798 (D.S.C. July 24, 2008)(plaintiff's FTCA claim that prison officials were negligent in transferring his personal property was dismissed based upon Section 2680(c)); Wadley v. Warden, 2008 WL 2455445 (W.D.Va. June 16, 2008)(FTCA claim that prison officials were negligent in seizing and destroying his tennis shoes was dismissed based upon Section 2680(c)). The undersigned finds that Plaintiff's claim that prison officials were negligent in the mishandling or loss of her personal property falls squarely within the "detention exception" as set forth in Section 2680(c). Accordingly, Plaintiff's FTCA claim must be dismissed.[2]

---

[2] To the extent Plaintiff is alleging a violation of her constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the undersigned will briefly address the merits of her claim. Courts

B.     **Privacy Act, FOIA, and HIPPA Claims:**

In her Complaint, Plaintiff alleges that upon arriving at FPC Alderson on or about August 2017, prison staff required her to "turn over all of her medical records to the staff of the Health Facility." (Document No. 5, p. 4.) Plaintiff contends that prison staff have "lost all of her medical records and other identifying information due to negligence." (Id.) Accordingly, Plaintiff concludes that Defendants violated the Privacy Act, Freedom of Information Act ["FOIA"], and Health Insurance Portability and Accountability Act ["HIPPA"]. (Id.)

(i)     *Privacy Act:*

In their Motion to Dismiss, Defendants argue that Plaintiff has not stated a proper claim under the Privacy Act. (Document No. 18., pp. 8 - 9.) Defendants first argue that only the agency (BOP) is the proper defendant. (Id.) Next, Defendants argue that even assuming Plaintiff named the proper party as a defendant, Plaintiff cannot meet "any of the elements of a Privacy Act claim on the speculation that records she brought to the institution were lost and, theoretically, could have been disclosed to unknown third parties." (Id.) In her Response in Opposition, Plaintiff

---

deem inmates' claims respecting prison officials' intentional deprivation of their property cognizable under *Bivens* to the extent that due process rights are implicated. Although Defendants may have failed to prevent the loss of Plaintiff's personal property in the instant case, the undersigned finds that the circumstances do not implicate a violation of Plaintiff's constitutional rights. Plaintiff had meaningful post-deprivation remedies through the BOP's Administrative Remedies Program. *See Manning v. Booth*, 2005 WL 1200122, *2 (D.Md.)("In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy."); *Bigbee v. United States*, 359 F.Supp.2d 806 (W.D. Wis. 2005); *cf. Laury v. Greenfield*, 87 F.Supp.2d 1210, 1214 - 1215 (D.Kan. 2000), *quoting Burton-Bey v. United States*, 100 F.3d 967, 1996 WL 654457 (10th Cir.(Kan.))(Defendants negligent or intentional deprivation of plaintiff's property does not violate due process if there is a meaningful post-deprivation remedy for the loss.) To the extent Plaintiff's is asserting a due process claim, such should be dismissed. Furthermore, based upon Exhibits submitted by Plaintiff, the record reveals that Plaintiff filed the instant action prior to fully exhausting her administrative remedies as to any *Bivens* claim. (Document No. 22, pp. 15 – 16.)

requests that the BOP be substituted as a Defendant and argues that the Privacy Act "requires agencies to keep accurate records concerning individuals and to respond to request to correct errors and provides civil remedies for aggrieved persons. (Document No. 21.) Plaintiff further contends that she can satisfy the elements of the Privacy Act. (Id.) First, Plaintiff alleges that her civilian medical records were given to BOP staff to be scanned into the BOP's Electronic Medical Record. (Id.) Plaintiff then appears to contend that there was disclosure because the Warden was allowed to view her medical records and the Warden is not a medical provider. (Id.) Finally, Plaintiff concludes that "she was adversely affected by the disclosure." (Id.)

To the extent Plaintiff is asserting a claim under the Privacy Act against the individual Defendants, the undersigned finds that the BOP should be substituted as the Defendant and the individual defendants be dismissed. Under the Privacy Act, a federal agency such as the BOP, is required to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 522a(e)(5). The Privacy Act allows an individual to access records pertaining to the individual and to request an amendment to any record that the individual believes to be incorrect.[3] 5 U.S.C.

---

[3] The Privacy Act alleges certain government agencies to promulgate regulations that "exempt any system of records with the agency from any part of [the Act]." See 5 U.S.C. § 552a(j)(2); *also see Martinez v. BOP*, 444 F.3d 620 (D.D.C. Cir. 2006); *Doyon v. Dept. of Justice*, 304 F.Supp.2d 32, 33-34 (D.D.C. 2004). Based upon the foregoing, the BOP has exempted the "Inmate Physical and Mental Health Records System" from the Privacy Act. See 28 C.F.R. 16.97(n). Thus, records contained with the "Inmate Physical and Mental Health Records System" are exempt from the Privacy Act's amendment and accuracy requirements. *See Reeves v. Federal Bureau of Prisons*, 885 F.Supp.2d 384 (D.D.C. Aug. 17, 2012)(dismiss inmate's Privacy Act claim after noting that the BOP had exempted the Inmate Central File, which included educational records); *Hill v. United States*, 2010 WL 391627 (N.D.W.Va. Jan. 26, 2010)(same).

requests that the BOP be substituted as a Defendant and argues that the Privacy Act "requires agencies to keep accurate records concerning individuals and to respond to request to correct errors and provides civil remedies for aggrieved persons. (Document No. 21.) Plaintiff further contends that she can satisfy the elements of the Privacy Act. (Id.) First, Plaintiff alleges that her civilian medical records were given to BOP staff to be scanned into the BOP's Electronic Medical Record. (Id.) Plaintiff then appears to contend that there was disclosure because the Warden was allowed to view her medical records and the Warden is not a medical provider. (Id.) Finally, Plaintiff concludes that "she was adversely affected by the disclosure." (Id.)

To the extent Plaintiff is asserting a claim under the Privacy Act against the individual Defendants, the undersigned finds that the BOP should be substituted as the Defendant and the individual defendants be dismissed. Under the Privacy Act, a federal agency such as the BOP, is required to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 522a(e)(5). The Privacy Act allows an individual to access records pertaining to the individual and to request an amendment to any record that the individual believes to be incorrect.[3] 5 U.S.C.

---

[3] The Privacy Act alleges certain government agencies to promulgate regulations that "exempt any system of records with the agency from any part of [the Act]." See 5 U.S.C. § 552a(j)(2); *also see Martinez v. BOP*, 444 F.3d 620 (D.D.C. Cir. 2006); *Doyon v. Dept. of Justice*, 304 F.Supp.2d 32, 33-34 (D.D.C. 2004). Based upon the foregoing, the BOP has exempted the "Inmate Physical and Mental Health Records System" from the Privacy Act. See 28 C.F.R. 16.97(n). Thus, records contained with the "Inmate Physical and Mental Health Records System" are exempt from the Privacy Act's amendment and accuracy requirements. *See Reeves v. Federal Bureau of Prisons*, 885 F.Supp.2d 384 (D.D.C. Aug. 17, 2012)(dismiss inmate's Privacy Act claim after noting that the BOP had exempted the Inmate Central File, which included educational records); *Hill v. United States*, 2010 WL 391627 (N.D.W.Va. Jan. 26, 2010)(same).

§ 522a(d)(2). If the agency fails to comply with the requirements of the Privacy Act and "consequently a determination is made which is adverse to the individual," the affected individual may bring a civil action against the agency. 5 U.S.C. § 522a(g)(1). To establish a claim under the Privacy Act, a plaintiff must demonstrate the following elements: "(1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected [plaintiff], and (4) the disclosure was willful or intentional." Carte v. United States, 2010 WL 3259420, * 4 (S.D.W.Va. Aug. 18, 2010).

In the instant case, the information in dispute involves the alleged loss of Plaintiff's civilian or "outside" medical records that consisted of approximately 25 pages. Thus, Plaintiff's civilian or "outside" medical records do not constitute records from the BOP's "system of records." See Doe v. Dept. of Veterans Affairs, 519 F.3d 456, 462-63 (8th Cir. 2008)(finding no violation of the Privacy Act where information disclosed came from the plaintiff himself and not from any agency information system); Thompson v. Federal Bureau of Prisons, 2012 WL 13072105, * 5 – 6 (N.D.Ga. Jan. 20, 2012)(finding there was no retrieval from the BOP's systems of records where plaintiff hand-delivered the information to staff). Second, Plaintiff does not allege that the BOP "disclosed" the information. Instead, Plaintiff alleges that BOP staff "lost" her civilian or "outside" medical records, and thereby caused the *possible* disclosure of those records to an unknown third party. Third, Plaintiff's conclusory statement that she was adversely affected by the alleged disclosure is without merit. Plaintiff's Complaint completely fails to allege any actual damage or adverse consequence resulting from the BOP's alleged disclosure.[4] See F.A.A. v. Cooper, 566 U.S. 284, 132 S.Ct. 1441, 182 L.Ed.2d 497

---

[4] In her Response, Plaintiff indicates that she suffered "wounded feelings" and "mental anguish."

(2012)(finding that "actual damages" under the Privacy Act means special damages for proven pecuniary or economic loss, which does not include damages for mental or emotional distress); Doe v. Chao, 540 U.S. 614, 617-18, 124 S.Ct. 1204, 1207, 157 L.Ed.2d 1122 (2004)(finding that plaintiff must prove "actual damage" resulting from the Privacy Act violation and plaintiff's conclusory claim of suffering emotional affliction of being "torn . . . all to pieces" and "greatly concerned and worried" was insufficient). Finally, Plaintiff allegations do not support a finding that the alleged disclosure was willful or intentional. Plaintiff contends that BOP staff "lost" her civilian or "outside" medical records due to negligence. Accordingly, the undersigned finds that Plaintiff's allegations fail to establish a Privacy Act claim.

    *(ii)*    **HIPPA:**

To the extent Plaintiff attempts to state a claim under HIPPA, Plaintiff's Complaint should be dismissed. It is well recognized that HIPPA does not provide a private right of action. Carte, 2010 WL 3259420, at * 8 ("The court concludes that HIPPA does not provide an express or implied right of action to individuals."); Fields v. Charleston Hosp., Inc., 2006 WL 2371277, * 5 (S.D.W.Va. Aug. 15, 2006)("[T]he court's review of HIPPA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action."); also see Miller v. Nichols, 586 F.3d 53 (1st Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007); Werdehausen v. Benicorp Ins. Co., 487 F.3d 660, 668 (8th Cir. 2007); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006); Blackstock v. Pee Dee Mental Health, 2017 WL 4838814, * 2 (D.S.C. Aug. 31, 2017); Pratt v. Pitt County Dept. of Social Services, 2016 WL 7046752, * 1 (E.D.N.C. Dec. 2, 2016); Cook v. Unisys Federal Government Group, 2015 WL 5690928, * 9

---

(Document No. 22.)

(W.D.Va. Sept. 3, 2015). Accordingly, the undersigned respectfully recommends that Plaintiff's HIPPA claim be dismissed.

### (iii) FOIA:

To the extent Plaintiff is asserting a FOIA claim against the individual Defendants, the undersigned finds that the BOP should be substituted as the Defendant and the individual defendants be dismissed. It is well established that "[i]ndividual federal employees are not subject to suit under FOIA." Ginarte v. Mueller, 534 F.Supp.2d 135, 136 (D.D.C. 2008)(citations omitted); also see Whittle v. Moschella, 756 F.Supp. 589, 596 (D.D.C. 1991)("The jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials.") "The only proper defendant in a FOIA case is a federal agency." Thomas v. Federal Aviation Admin., 2007 WL 219988, * 3 (D.D.C. Jan. 25, 2007)(citing Jefferson v. Reno, 123 F.Supp.2d 1, 3 (D.D.C. 2000); also see Earle v. Holder, 815 F.Supp.2d 176, 180 (D.D.C. 2011)(dismissing individual officials and substituting the DOJ as the proper defendant in a case involving the BOP). Based upon a review of the record, the undersigned finds that Plaintiff has failed to state a FOIA claim. In the instant action, Plaintiff is seeking monetary damages for the alleged loss of her civilian or "outside" medical records.[5] It is well recognized, however, that FOIA does not contain

---

[5] The undersigned notes that Plaintiff appears to assert contradictory allegations in her Response in Opposition. (Document No. 21, p. 3.) In response to Defendants' argument that there is no provision for monetary damages under the FOIA, Plaintiff appears to contend that her "lost" records are stored in the BOP's "Electronic Medical Records" system. The undersigned notes, however, that throughout these proceedings the basis of Plaintiff's claim has consistently been that BOP staff "lost" her civilian or "outside" medical records. If the alleged records are not "lost," there is no underlying basis for Plaintiff's claim. Plaintiff may submit a FOIA request with the BOP requesting a copy of her medical records. There is no indication or allegation that the BOP has denied Plaintiff's FOIA request regarding these documents.

money-mandating provisions. Cornucopia Institute v. U.S. Dept. of Agriculture, 560 F.3d 673, 675, fn. 1 (7th Cir. 2009)("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."); Snowton v. United States, 216 Fed.Appx. 981, 983 (Fed.Cir. 2007)(The FOIA does not create the right to monetary damages); Ross v. United States, 460 F.Supp.2d 139, 151 (D.D.C. 2006)("It is well-settled that monetary damages are not available under FOIA."); Vasquez v. Miles, 2002 WL 31688941, * 1 (5th Cir. 2002)(finding there is no entitlement to monetary damages under FOIA); Cooper v. Meese, 1989 WL 25765, * 1 (6th Cir. 1989)("An award of damages is not authorized for an alleged violation of the [FOIA] under 5 U.S.C. § 552."); Lapp v. Federal Bureau of Investigation, 2016 WL 737933, * 8(N.D.W.Va. Feb. 23, 2016)("Courts have consistently held that relief under the FOIA is limited to injunctive relief and there is no provision for the award of monetary damages."); and Smith v. Communications Works of America, 2012 WL 6727150, * 4 (D.Md. Dec. 26, 2012)(finding that plaintiff's prayer for damages was fatal to his FOIA claim because monetary damages are not available under FOIA). In the instant case, Plaintiff requests only monetary damages for the alleged FOIA violation. Accordingly, the undersigned respectfully recommends that Plaintiff's FOIA claim be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Plaintiff's "Motion to Add Statement of Facts and New Evidence and New Defendants to Case" (Document No. 21) as Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, **GRANT** Defendants' Motion to Dismiss

(Document No. 17), **DENY** Plaintiff's "Motion for Declaration in Support of Entry for Default" (Document No. 28), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 17, 2018.

Omar J. Aboulhosn
United States Magistrate Judge